IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TRAXXAS, L.P., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> FOSHAN ZHENGZE MODEL § <br> TECHNOLOGY CO., LTD., § <br> § <br> *Defendant.* § | Civil Action No. 2:24-cv-916 <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Traxxas, L.P., and files this Complaint for Patent Infringement against Defendant Foshan Zhengze Model Technology Co., Ltd., alleging as follows:

### I.   NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the United States patent laws, 35 U.S.C. § 101 *et seq.*

### II.   THE PARTIES

1. Plaintiff **Traxxas, L.P. ("Traxxas")** is a Texas limited partnership that maintains its principal place of business in McKinney, Texas.

2. Defendant **Foshan Zhengze Model Technology Co., Ltd.** is, upon information and belief, a Chinese corporation with a principal place of business in Foshan City, Guangdong Province, China.

### III. JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over this action because this claim arises under the United States patent laws, 35 U.S.C. § 101 *et seq*.

4. This Court has specific personal jurisdictional over Defendant as to this action pursuant to due process and the Texas Long Arm Statute because this claim arises from Defendant's acts or omissions (directly or through intermediaries) in this judicial District, including but not limited to sales or offers to sell the Accused Products to persons in this District and/or purposefully and voluntarily placing the Accused Products into the stream of commerce with the expectation that those Accused Products will be purchased by consumers in Texas and in this District.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) for the reasons set forth above. Furthermore, venue is proper in this Court because Defendant, directly or through intermediaries, sells and offers to sell its Accused Products to persons in this District, as discussed below. Each of Defendant's acts complained of herein occurring in this District gives rise to proper venue.

### IV. BACKGROUND

**A.   Traxxas and the '975 Patent**

6. The business Traxxas operates was started in 1986. Since that time, Traxxas has grown to become the number-one seller of Ready-to-Run nitro and electric model vehicles in the United States.

7. This Complaint asserts infringement of United States Patent No. 11,207,975 (the "'975 Patent", entitled "Portal Gear for Model Vehicles" and incorporated herein by reference.

8. The '975 Patent generally describes and claims a portal gear and a method to implement a portal gear for a model vehicle. '975 Pat. at Abstract.

9. Traxxas is the current owner by assignment of all rights, title, and interest in and under the '975 Patent, which duly and legally issued on December 28, 2021, with Jonathan Scott Wood and Otto Karl Allmendinger as the named inventors.

10. Traxxas has standing to sue for infringement of the '975 Patent.

11. At all times, each and every patentee of the '975 Patent, and each and every person making, offering for sale, or selling within the United States, or importing into the United States, any patented article for or under the '975 Patent, has complied with the marking requirements set forth in 35 U.S.C. § 287.

**B.  Defendant and Its Products**

12. Defendant, directly or through intermediaries, sells, offers for sale, distributes, or advertises certain model vehicles (collectively the "Accused Products"), including the "1:24 FCX24 Smasher V2" model vehicle, that comprise one or more portal gears (the "Accused Components") substantially similar to that illustrated below:



13. Defendant, directly or through intermediaries, makes, uses, sells, or offers for sale the Accused Products within the United States, or imports the Accused Products into the United States.

14. Defendant, directly or through intermediaries, sells, offers for sale, distributes, and advertises the Accused Products in direct competition with products of Traxxas and of Traxxas' authorized retailers.

15. Defendant, directly or through intermediaries, purposefully and voluntarily places the Accused Products into the stream of commerce with the expectation that they will be purchased by consumers in Texas and in this judicial District.

16. The Accused Products are purchased by consumers in Texas and in this judicial District.

## V. CLAIM
### (Infringement of the '975 Patent)

17. Traxxas repeats and incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

18. The Accused Products are covered by at least claim 1 of the '975 Patent.

19. Defendant has directly infringed and continues to infringe at least claim 1 of the '975 Patent in violation of 35 U.S.C. § 271(a) by, directly or through intermediaries and without Traxxas' authority, making, using, selling, or offering to sell the Accused Products in the United States, or importing the Accused Products into the United States.

20. Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and is now actively inducing infringement of at least claim 1 of the '975 patent in violation of 35 U.S.C. § 271(b).  Users of the Accused Products directly infringe at least claim 1 of the '975 Patent when they use the Accused Products in the ordinary, customary, and intended

way.  Defendant's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing consumers to use the Accused Products within the United States in the ordinary, customary, and intended way by, directly or through intermediaries, supplying the Accused Products to consumers within the United States and instructing and encouraging such consumers (for example, through user manuals and customer support) how to use the Accused Products in the ordinary, customary, and intended way, which Defendant knows or should know infringes at least claim 1 of the '975 Patent.

21.     Further and in the alternative, at least since the filing and service of this Complaint, Defendant has been and is now actively contributing to infringement of at least claim 1 of the '975 Patent in violation of 35 U.S.C. § 271(c).  Defendant installs, configures, and sells its Accused Products with distinct Accused Components that are especially made or especially adapted to practice the invention claimed in at least claim 1 of the '975 Patent.  Each Accused Component within the Accused Products constitutes a material part of the claimed invention recited in at least claim 1 of the '975 Patent and is not a staple article or commodity of commerce because it is specifically configured according to at least claim 1 of the '975 Patent.  Defendant's contributions include, without limitation, making, offering to sell, and/or selling within the United States, and/or importing into the United States, its Accused Products, which include Accused Components, knowing the Accused Components to be especially made or especially adapted for use in an infringement of at least claim 1 of the '975 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

22.     Defendant's acts complained of herein have damaged Traxxas in an amount to be proven at trial, but no less than a reasonable royalty under 35 U.S.C. § 284.

23. Further, unless Defendant's acts complained of herein are restrained by this Court, those acts will continue and will continue to cause irreparable injury to Traxxas and to the public for which there is no adequate remedy at law.

## VI. PRAYER FOR RELIEF

Traxxas respectfully requests the following relief:

a. A judgment and order in favor of Traxxas that Defendant has infringed the '975 Patent, whether literally or under the doctrine of equivalents, as described herein;

b. A permanent injunction enjoining Defendant, its officers, directors, agents, subsidiaries, employees, successors, and assigns, and all persons acting in privity, concert, or participation with it, from making, using, selling, or offering for sale in the United States, or importing into the United States, any products that directly infringe, induce infringement of, or contribute to infringement of the inventions claimed in the '975 Patent;

c. A judgment and order requiring Defendant to pay Traxxas its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '975 Patent as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed; and

d. Such other relief as the Court deems just and proper.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Traxxas requests a jury trial of all issues triable of right by a jury.

Dated: November 12, 2024

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@davisfirm.com

Debra Coleman (Of Counsel)
Texas State Bar No. 24059595
dcoleman@davisfirm.com
Ty Wilson
Texas State Bar No. 24106583
twilson@davisfirm.com
**The Davis Firm, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

*Counsel for Plaintiff Traxxas, L.P.*