IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TRAXXAS, L.P., | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:24-cv-00916-JRG-RSP |
| v. | § | |
| FOSHAN ZHENGZE MODEL | § | |
| TECHNOLOGY CO., LTD., | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion to Enforce Settlement. **Dkt. No. 57**. In its Motion Plaintiff seeks the Court's assistance to enforce a settlement agreement with Defendant Foshan Zhengze Model Technology Co., Ltd. ("FMS"), following its representation to Plaintiff that it "does not intend to execute the settlement agreement." *Id.* at 1.

On May 27, 2026, Court held a hearing on the Motion, where it heard argument on Plaintiff's Motion, along with Defendant's Motion to Withdraw as Attorney for Melissa R. Smith and Andrew T. (Tom) Gorham (Dkt. No. 59) and Defendant's Motion to Withdraw as Attorney for Shunsuke S. Sumitani and Gregory K. Clarkson (Dkt. No. 60). At the hearing, counsel for Defendant represented that they no longer have authority to "take any substantive positions on settlement, the enforceability, the authority issues, anything on the merits." Dkt. No. 69 at 7:21-24. Counsel further represented they advised their client that may not appear *pro se* and on the consequences of default judgment. *Id.* at 8:9-13. In light of this termination by Defendant, Defendant did not file a response to Plaintiff's Motion.

The Court orally granted Defendant's Motion to Withdraw as Attorney for Melissa R. Smith and Andrew T. (Tom) Gorham and requested supplemental information from Shunsuke S. Sumitani and Gregory K. Clarkson, Defendant's remaining counsel, prior to granting their Motion

1

to Withdraw. *See* Dkt. No. 64 (minute entry). Mr. Sumitani and Mr. Clarkson later provided the supplemental information (Dkt. No. 66), and the Court granted their Motion to Withdraw. *See* Dkt. No. 67 (order granting Motion to Withdraw).

Having considered the Motion, the Court finds that Plaintiff has not demonstrated the Parties reached a binding settlement agreement. In its Motion, Plaintiff points to correspondence with Defendant's counsel, who represent that:

> [Defense counsel has] discussed the revision with my client and we are in agreement. With that, I believe the agreement is in final form. I was planning on forwarding your most recent clean version as a PDF for execution by an FMS representative in China, Dkt. No. 57-2 at 1-2.

and that Defendant's counsel had "internal approval to proceed with the settlement." Dkt. No. 57-4 at 1. Plaintiff notes that in the Parties' Third Motion for Extension, the Parties represented that they "have reached agreement on all settlement terms, and Plaintiff has executed the settlement agreement." Dkt. No. 57 at 2-3 (*citing* Dkt. No. 55 at 1). Plaintiff argues that this constitutes valid assent and execution of the settlement agreement, despite the lack of signed agreement. *Id.* at 3-4. Plaintiff argues this execution was improperly repudiated by Defendant and seeks enforcement of the agreement. *See Id.* at 3 ("[counsel for Defendant] received correspondence indicating that [Defendant] does not intend to execute the settlement agreement.") (*citing* Dkt. No. 57-5 at 1-2).

The Court is not persuaded by Plaintiff's Notice of Additional Authority. Dkt. No. 68. Plaintiff contrasts *Simmons & Simmons Constr. Co. v. Rea*, with the instant Case, since there, "the instrument in *Simmons* not only contained signature blocks; it required the parties to swear to its execution." *Id* at 2 (citing 286 S.W.2d 415, 418-19 (Tex. 1956)). In *Simmons*, the Texas Supreme Court found that when the contract contains no signature requirement, the moving party must proffer sufficient evidence that the terms are "unconditionally assented to by both parties," to enforce an agreement. *Id.* at 418. Since the Agreement contains no clause

2

that precludes enforcement without signatures, the Court must determine whether the agreement reflects Defendant's unconditional assent. Attached to Plaintiff's Motion are four sets of emails between the Parties, which discuss Defendant's attempts to secure the client's signature to the settlement. *See* Dkt. No. 57-2, 57-3, 57-4, 57-5. The emails state that there was a "settlement in principle," and that Defendant's counsel "discussed the [proposed final draft] with my client and we are in agreement" and has confirmation "that my client has internal approval to proceed with the settlement." *Id.* While these emails provide indica of settlement by Defendant, or some agreement between Defendant and their counsel, none demonstrate Defendant's "unconditional assent" to the *terms* of the Settlement Agreement at issue here. Furthermore, while the Parties' Third Motion for Extension states that the "Parties have reached agreement on all settlement terms," it provides no indication of whether they have agreed to the terms of the terms of the Settlement *Agreement* Plaintiff seeks the Court's help to enforce. Since Plaintiff fails to proffer sufficient evidence that the agreement was "unconditionally assented to," the Court finds no agreement to enforce.

Therefore, the Court **ORDERS** that

Plaintiff's Motion to Enforce Settlement (Dkt. No. 57) be **DENIED**; and

Plaintiff's Motion to Expedite Briefing of its Motion to Enforce Settlement (**Dkt. No. 58**) be **DENIED AS MOOT**.

 **SIGNED this 13th day of July, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

3